No. 6391.

## FRANK C. DUVIC vs. PETER CIACCIO.

### Syllabus.

One who fails to return the thing deposited with him is bound to explain what became of it. He must show that it was not lost through his negligence.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 103,028. Honorable Porter Parker, Judge.

Robert O'Connor, for plaintiff and appellee.

M. C. Scharff, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This suit is upon claims arising out of the relation of landlord and tenant which formerly existed between plaintiff and defendant respectively. Defendant appeals from a judgment against him for $237.48 and plaintiff has answered the appeal and asks that the judgment be increased to $343.13, the sum named in the petition.

The case turns largely upon an appreciation of the evidence, all of which was adduced out of the presence of the trial Court.

There are several items of plaintiff's demand that clearly should be disallowed.

1. The item of $50 for rent for the month following the expiration of the lease is not recoverable, because neither the tenant nor his lessee retained possession beyond the term of the lease, and the former, had, in fact, expressly notified the landlord that he would not do so. Moreover, plaintiff himself took actual possession of the

— 341 —

property before the end of the month for which this rental is claimed.

2. The charge of $50.00 for restoring the front of the building likewise cannot be allowed, since the evidence shows that it was not the agreement nor intention of the parties that the lessee should restore any part of the building to its original condition.

3. The charge of $50 for the show-window on Lafayette Street cannot be sustained for the reason that there is no proof in the record of its value.

The lessee agreed that he would assume charge for plaintiff's account of sundry fixtures, shelving, show-windows, doors, etc., that were taken down when he remodeled the building and converted it into a moving picture theatre. At the end of the lease these articles could not be found, and it is probable that they were taken by third persons from the premises wherein they were negligently left unguarded and unprotected by the lessee. At any rate the latter, into whose custody as depositary these articles were placed, has neither explained their disappearance nor shown his freedom from negligence, and he is consequently liable. R. C. C., 2937.

Short vs. Lapeyrouse, 24 A., 45.

Dixey vs. Morales, No. 5911 of our Docket.

The testimony shows that these articles, consisting of a desk, ark lamps, a show-window on Burgundy Street, a wagon-gate, a ladder and some shelving cost plaintiff $216.00. Inasmuch as they had all been in use several years and some of them were second-hand when purchased, an allowance of 50 per cent of their cost, or $108 would fairly represent their value.

To this sum there must be added the items of $8.13 and $18.00, the one being an admitted liability of de-

fendant for an expenditure incurred in preserving the property, and the other being a liability of the defendant for the cost of repairing the glazing damaged by him during the lease. The total amount, therefore, that plaintiff is entitled to recover is $134.13.

It is accordingly decreed that the judgment be amended by reducing same from $237.48 to $134.13 and as thus amended and in all other respects that it be affirmed, the plaintiff paying the costs of appeal.

Judgment amended.

Opinion and decree, May 3, 1915.